## JORDAN vs. BREWIN & BOGGAN.

1. In an action by a physician to recover for medical services rendered, if the defendant wishes to require proof of his license to practice, he should notify the plaintiff two days before the trial, that his license or authority to practice will be required *on the trial of the cause.*

ERROR to the Circuit Court of Marion. Tried before the Hon. Samuel Chapman.

This was an action instituted by the defendants in error against the plaintiff, to recover the amount of a promissory note which he had executed to them for medical services rendered.

COGGIN, for plaintiff in error.

PECK, *contra.*

DARGAN, C. J.—All promises to pay money in consideration of medical services are void by the laws of this State, unless made to a physician who is authorized to practice according to the provisions of our statutes.—Clay's Dig. 487. But in an action brought to recover for medical services, the physician need not produce his license or authority to practice, unless he has been notified by the defendant two days before the trial, that such proof will be required. If no such notice has been given him, he can recover without introducing any evidence of his license or authority to practice.—Clay's Dig. 491.

We do not think that the notice given to the plaintiffs was sufficient. It requires them to "attend at the town of Pikeville, on the first Monday in October, 1849, to show cause for practicing medicine in this State, and to charge for their services," and also informs them that the defendant will then and there demand their authority for so doing. But the notice does not inform the plaintiffs why their authority to practice would be required on that day, and they were not bound to regard it. The plaintiffs should have been notified "to produce their license or authority to practice medicine upon the trial of this cause;" they then would have known the reason why it was required, and if they failed to prove their authority, they would have failed in the action. But as the notice did not inform them that

their license would be required on the trial of the cause, it was insufficient, and the plaintiffs were not bound to prove their license or authority to practice.

Let the judgment be affirmed.